Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CHAZ CAMPTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) No. 4:12-cv-02196 ) |
| Plaintiffs, | ) ) CLASS ACTION ) |
| v. | ) ) ) District Judge Vanessa D. Gilmore |
| IGNITE RESTAURANT GROUP, INC., RAYMOND A. BLANCHETTE, III, JEFFEREY L. RAGER, EDWARD W. ENGEL, CREDIT SUISSE SECURITIES (USA) LLC, ROBERT W. BAIRD & CO. INC., PIPER JAFFRAY & CO., KEYBANC CAPITAL MARKETS INC., LAZARD CAPITAL MARKETS LLC, RAYMOND JAMES & ASSOCIATES, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

WHEREAS, (i) Lead Plaintiffs Chaz Campton and Cythnea Rumenapp ("Lead Plaintiffs"), on behalf of themselves and the putative Class, (ii) Ignite Restaurant Group, Inc. ("Ignite"), Raymond A. Blanchette, III, Jeffrey L. Rager, and Edward W. Engel (collectively, the Ignite Defendants"), and (iii) Credit Suisse Securities (USA) LLC, Robert W. Baird & Co. Inc., Piper Jaffray & Co., KeyBanc Capital Markets Inc., Lazard Capital Markets LLC, and Raymond James & Associates, Inc. (collectively, the "Underwriter Defendants") have entered, by and through their respective counsel, into a settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated January 23, 2015 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for

the proposed settlement of the claims alleged in the Second Amended Complaint (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Settlement of Class Action" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 30th day of January 2015, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired the common stock of the Company pursuant and/or traceable to Ignite's Registration Statement or Ignite's Prospectus issued in connection with the Company's IPO during the Class Period, and were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the present and former officers and directors of the Company and any subsidiary thereof, "Whitney Entities" (defined as J.H. Whitney VI, L.P, and J.H. Whitney Capital Partners LLC, JCS Holdings, LLC), members of the immediate family of each of the Defendants or the Whitney Entities, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant or Whitney

Entity has a controlling interest or which is related to or affiliated with any of the Defendants or the Whitney Entities, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4. The Court finds, preliminarily and for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiffs Chaz Campton and Cynthea Rumenapp are certified as the class representative on behalf of the Settlement Class and the Lead Plaintiffs' Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class.

6. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on June 5 2015 at 9:30A .m. for the following purposes:

3

(a) to determine for purposes of settlement whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

(c) to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered;

(d) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiffs;

(f) to consider any Settlement Class Members' objections to the Stipulation or Plan of Allocation or an award of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel or an Award to Lead Plaintiffs, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

8. The Court reserves the right to adjourn the Settlement Hearing to a later date with or without further notice to the Settlement Class Members of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation, awarded Attorneys' Fees and Expenses, or made Awards to Lead Plaintiffs.

9. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

11. Lead Plaintiffs' Counsel has the authority to enter into the Stipulations on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulations or such other acts that are reasonably necessary to consummate the Settlement.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm Strategic Claims Services, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

14. Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

15. All Notice and Administration Expenses shall be paid from the Gross Settlement Fund, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

16. Lead Plaintiffs' Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

17. Within fourteen (14) calendar days of receipt of a copy of this Order, the Company shall provide Lead Plaintiffs' Counsel or the Claims Administrator with a list of names and addresses of record holders of Ignite common stock during the Class Period.

18. Lead Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who are potential members of the Settlement Class. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such

beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

19. Lead Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon counsel for the Ignite Defendants and counsel for the Underwriter Defendants and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

20. Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within thirty days (30) calendar days after the entry of this Order. Lead Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve upon counsel for the Ignite Defendants and counsel for the Underwriter Defendants and file with the Court proof of publication of the Summary Notice.

21. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

22. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than seventy-five (75) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no

material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded (seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

23.     All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

24.     Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including but not limited to, the releases provided therein, whether favorable or unfavorable to the Settlement Class, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Settlement Hearing or May 5 2015, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number

9

and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of Ignite common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. Such person must also include supporting account documentations supporting the listed purchases and sales of Ignite stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

25. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

26. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiffs, only if such comments or objections and any supporting papers, including but not limited to account documentation demonstrating the purchases and sales of Ignite stock during the Class Period by the person seeking to object, are served at least twenty (20) calendar days prior to the Settlement Hearing, upon each of the following:

COUNSEL FOR LEAD PLAINTIFFS AND THE CLASS:

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016

COUNSEL FOR DEFENDANTS IGNITE RESTAURANT GROUP, INC., RAYMOND A. BLANCHETTE, III, JEFFEREY L. RAGER, EDWARD W. ENGEL:

Yosef J. Riemer, P.C.
Shireen A. Barday
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

COUNSEL FOR UNDERWRITER DEFENDANTS, CREDIT SUISSE SECURITIES (USA) LLC, ROBERT W. BAIRD & CO. INC., PIPER JAFFRAY & CO., KEYBANC CAPITAL MARKETS INC., LAZARD CAPITAL MARKETS LLC, AND RAYMOND JAMES & ASSOCIATES, INC.:

Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of Texas, 515 Rusk Avenue, Houston, TX 77002. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Award to Lead Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Settlement Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

27. Lead Plaintiffs' Counsel shall cause to be provided to Defendants copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing.

28. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiffs.

29. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

30. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed and served thirty-five (35) calendar days before the Settlement Hearing.

31. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or payments to Lead Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

32. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

33. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this

Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

34. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

35. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

IT IS SO ORDERED.

Dated: Jan 30, 2015

HON. VANESSA GILMORE
UNITED STATES DISTRICT JUDGE