IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAZ CAMPTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs <br><br> v. <br><br> IGNITE RESTAURANT GROUP, INC., et. al., <br><br> Defendants | § § § § § § § § § § § § § | Civil Action No. 4:12-2196 |

## ORDER

On the 5th day of June, 2015, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated January 23, 2013 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Settlement Class against (ii) Defendants Ignite Restaurant Group, Inc. ("Ignite" or the "Company"), Raymong A. Blanchette, III, Jeffrey L. Rager, and Edward W. Engel, Credit Suisse Securities (USC) LLC, Robert W. Baird & Co. Inc., Piper JAffray & Co., KeyBanc Capital Markets Inc., Lazard Capital Markets LLC, and Raymond James & Associates, Inc. (collectively, the "Settling Defendants"); (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; and (3) whether attorney's fees, reimbursement of expenses, and compensatory award to Lead Plaintiffs are fair and reasonable; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all reasonable identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

3. The Court hereby finally finds, for purposes of the Settlement only, that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (1) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; € the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4. Accordingly, the Court hereby finally certifies this action as a class action for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil

Procedure, on behalf of all persons who purchased or otherwise acquired the common stock of the Company pursuant and/or traceable to Ignite's Registration Statement or Ignite's Prospectus issued in connection with the Company's IPO during the Class Period, and we allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the present and former officers and directors of the Company and any subsidiary thereof, "Whiney Entities" (Defined as J.H. Whitney VI. L.P., and J.H. Whitney Capital Partners LLC, JCS Holdings, LLC), members of the immediate family of each of the Defendants or the Whitney Entities, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant or Whitney Entity has a controlling interest or which is related to or affiliated with any of the Defendants or the Whitney Entities, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are the following persons listed in Exhibit A hereto that validly excluded themselves in accordance with the Preliminary Approval Order.

5. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Members failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

6.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class.

7.  Pursuant to Federal Rule of Civil Procedure 23, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.  Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Litigation and all Settled Claims of the Settlement Class with prejudice, without costs to either side.

9.  Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, and any person they represents, shall be deemed to have, and by operation of this Order and Final Judgment shall have, generally and fully release and forever relinquished and discharged all Settled Claims (including, without limitation, Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members, and anyone acting or purporting to act for any of the them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims (including, without limitation, Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

11. Each of the Settling Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges, and shall forever be enjoined form prosecuting, any and all Settled Defendants' Claims against the Lead Plaintiffs, any of the Settlement Class Members and any of their counsel, including Lead Plaintiffs' Counsel for the Settlement Class and any counsel working under Lead Plaintiffs' Counsel's direction.

12. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members/

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation, the Settlement contained therein, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Release Parties;

(b) deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties;

(c) construed against the Settling Defendants or against the Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; of

(d) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

15. The released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Defendants and the Settlement Class Members for all matters relating to the Litigation, including:

(a) the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment;

(b) implementation of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; and

(c) disposition of the Net Settlement Fund.

17. Without further order of the Court, the Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

18. The Court GRANTS Lead Counsel's request for attorneys' fees in the cash amount of one-third of the Settlement Fund ($600,000 in cash), as well as reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in the amount of $304,009.77, together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid. Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

19. The Court hereby GRANTS Lead Plaintiffs' reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in the total amount of $4,000.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 5th day of June, 2015, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**